# FILE UNDER SEAL

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| THE UNITED STATES OF AMERICA *ex rel.*, SHORIE HENDERSON, Plaintiff, BRINGING THIS ACTION ON BEHALF OF THE UNITED STATES OF AMERICA<br><br>c/o   Hon. Stephen J. Cox<br>     United States Attorney<br>     Eastern District of Texas<br>     350 Magnolia Ave., Ste. 150<br>     Beaumont, Texas 77701<br><br>and  Hon. William Barr<br>     Attorney General of the<br>     United States<br>     United States Department of Justice<br>     950 Pennsylvania Avenue NW<br>     Washington, D.C. 20530-0001<br><br>-v-<br><br>Daybreak Ventures, LLC,<br>                Defendant. | CAUSE NO. _____ |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES The United States of America *ex rel.* SHORIE HENDERSON ("United States" or "Plaintiff") and files this complaint against Daybreak Ventures, LLC ("Daybreak

Ventures" or "Defendant") for fraud in its handling of federal funding, and in support respectfully shows as follows:

## I.  PARTIES

1.01  Shorie Henderson is the Relator in this *qui tam* action filed under the False Claims Act.  Henderson is a former employee of Daybreak Ventures, LLC and resides in Nolan County, Texas. Realtor worked at Daybreak Ventures' Nolan Nursing and Rehabilitation Center in Sweetwater, Texas.

1.02  Pursuant to 31 U.S.C. § 3730(b)(1) this action is brought in the name of the United States and Shorie Henderson.

1.03  Daybreak Ventures, LLC is the Defendant in this case.

## II.  FILING AND SERVICE REQUIREMENTS

2.01  Pursuant to 31 U.S.C. § 3730(b)(2) and E.D. Tex. L.R. 7(B), this action has been filed under seal.  This action shall remain under seal for at least sixty (60) days and will not be served on the Defendant until ordered to do so by this Court.

2.02  The United States Attorney General and the United States Attorney for the Northern District of Texas will be served with a copy of this complaint.

2.03  Relator will also transmit to the Department of Justice an attorney-client privileged "Relator's Statement."  Pursuant to the False Claims Act, this statement contains written disclosure of substantially all material evidence and information the Relator possesses.

## III.  JURISDICTION AND VENUE

3.01  This Court has subject matter jurisdiction because this case arises under a federal statute, namely the Federal False Claims Act, 31 U.S.C. § 3729, *et seq*.

3.02 This Court has personal jurisdiction because Daybreak can be found, resides, and/or transacts business in Denton County, Texas, which is within this federal district. Furthermore, the actions giving rise to the false claim occurred in Denton County, Texas, which is within this federal district.

3.03 Venue is appropriate because Daybreak conducts a substantial part of all of its activities within Denton County, Texas.

## IV.   FACTS

4.01 Daybreak Ventures is a Texas Limited Liability Company.

4.02 Daybreak Ventures receives federal funds.

4.03 Specifically, Daybreak Ventures receives federal funding from the U.S. Department of Health and Human Services (HHS) and Centers for Medicare & Medicaid Services (CMS).

4.04 These federal programs pay for and/or reimburse a significant amount of Daybreak's billable services, including billing for medical services.

4.05 The federal government has guidelines that must be followed for the disbursement of these funds.

4.06 Relator became responsible for managing billing and reimbursement.

4.07 Billing and reimbursement requests were made to Relator.

4.08 Relator was the primary point of contact at its Nolan facility for reimbursement requests and would inform those requesting reimbursements (usually doctors or their coordinators) if additional documentation was required or if a submitted expense was not reimbursable.

4.10 The Relator became aware of improper documentation in the billing process.

4.12    Improper reimbursements submitted to Relator include inflating and adjusting bills to receive an improper amount of funds from the federal government.

4.13    Relator refused to engage in Daybreak Ventures' systematic abuse and fraud in billing practices against Medicare and Medicaid.

4.14    In response, when Relator returned to work from COVID-19 leave, management denied Relator access to clock-in.

4.15    Daybreak Ventures ultimately terminated the Relator.

4.16    The true reason for the Relator's termination was retaliation for refusing to engage in a continued practice of billing fraud.

4.17    These allegations are unrelated to any other claims being pursued against Daybreak Ventures.

4.18    All conditions precedent to filing of this suit have been satisfied or have occurred.

## V.  CAUSE OF ACTION: QUI TAM

5.01    As described above, Daybreak Ventures knowingly presents, or causes to be presented a false or fraudulent claim for payment or approval.

5.02    As described above, Daybreak Ventures knowingly makes, uses, or causes to be made or used, a false record or statement material to a false or fraudulent claim.

5.03    As described above, Daybreak Ventures conspires to knowingly present, or cause to be presented a false or fraudulent claim for payment or approval.

5.04    As described above, Daybreak Ventures conspires to knowingly make, use, or cause to be made or used, a false record or statement material to a false or fraudulent claim.

## VI.  RETALIATION

6.01	As described above, Daybreak Ventures retaliated against Relator when Relator refused to participate in Daybreak Ventures' fraud.

6.02	Daybreak Ventures retaliated against Relator by firing her.

6.03	Because of the actions of Defendant, Relator suffered damages within the jurisdictional limits of this Court.

## VII. DAMAGES

7.01	Relator seeks treble actual damages suffered by the United States.

7.02	Relator seeks a civil penalty of not less than $5,000 nor more than $10,000, upwardly adjusted for inflation, for each false statement made or claim submitted.

7.03	Relator seeks all costs incurred in recovering damages or penalties.

7.04	Relator seeks attorney's fees.

7.05	Relator seeks pre and post judgment interest at the maximum rate allowed by law.

7.06	Relator seeks an award of a percentage of the damages recovered, at the maximum percentage allowed by law.

WHEREFORE, premises considered, Relator respectfully prays that upon a trial on the merits that damages be awarded in the amount sought herein and for such other and further relief to which she is justly entitled whether at law or in equity.

Respectfully submitted,

By: */s/Deontae D. Wherry*
Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment*
*Law Texas Board of Legal Specialization*
Deontae D. Wherry
Texas Bar No. 21406566

ROB WILEY, P.C.
2613 Thomas Ave.
Dallas, Texas 75204
Telephone: (214) 528-6500
Facsimile:  (214) 528-6511
dwherry@robwiley.com
Attorneys for Plaintiffs

## SEPARATELY SIGNED CERTIFICATE OF INTERESTED PARTIES

I believe the following parties to have an interest in this matter:

1. Shorie Henderson, 1209 Bawcom Street, Sweetwater, Texas 79556.

2. Law Office of Rob Wiley, P.C., 2613 Thomas Ave., Dallas, TX 75204 and attorneys Robert J. Wiley and Deontae D. Wherry.

3. The United States of America, William Barr, Attorney General.

4. Daybreak Ventures, LLC, 419 South Elm Street, Denton, Texas 76201.

/s/Deontae D. Wherry

_____
Deontae D. Wherry